THE NEW JERSEY STEEL AND IRON COMPANY, Appellant, *v.* ANDREW
J. ROBINSON, Respondent; FRANCIS S. KINNEY and Others,
Defendants.

*Demurrer — it does not lie to a paragraph of a pleading not separately stated or
numbered — the remedy is to compel it to be so stated and numbered.*

A demurrer will not lie to a paragraph of a pleading not separately stated and
numbered as a cause of action or defense. If the party desiring to interpose
the demurrer claims that the facts alleged in the paragraph constitute a sep-
arate defense, his remedy is to make a motion to compel the pleader to so
designate it.

APPEAL by the plaintiff, the New Jersey Steel and Iron Company,
from an interlocutory judgment of the Supreme Court in favor of
the defendant Andrew J. Robinson, entered in the office of the
clerk of the county of New York on the 10th day of January, 1901,
upon the decision of the court rendered after a trial at the New
York Special Term overruling the plaintiff's demurrer to the amended
answer of the defendant Andrew J. Robinson.

*H. B. Closson,* for the appellant.

*Edward S. Clinch,* for the respondent.

McLAUGHLIN, J.:

On the 5th of June, 1899, the defendant Robinson entered into
an agreement with the defendant Kinney to furnish certain materials
and perform certain work in the construction of a building on the
latter's land, who, in consideration thereof, agreed to pay the actual
cost of the materials and labor and five per centum in addition
thereto. The plaintiff, according to the allegations of the complaint,
at the request of Robinson, and with the consent of Kinney, per-
formed labor and furnished materials to the value of $36,315.66, to
secure the payment of which the plaintiff filed a mechanic's lien,
and this action was brought to foreclose the same.

The complaint alleges that the plaintiff has completely performed
its contract with Robinson, and that there is due to it the amount
above stated. The relief demanded is that the plaintiff may be
adjudged to have a valid lien upon Kinney's land for this sum;

that the same be sold, and in case of a deficiency, that it may have personal judgment against Robinson to the extent of such deficiency and for the whole sum in case it be determined that the plaintiff has not a valid lien upon the land.

Robinson interposed an amended answer containing separate paragraphs, of which the 10th is as follows : " 10th. That on or about the 7th day of March, 1900, he executed and delivered to the defendant Charles N. Talbot an instrument in writing whereby this defendant sold, assigned, transferred and set over unto said Charles N. Talbot all and singular the goods, chattels, stock, claims, demands, property and effects of every description belonging to this defendant wheresoever the same might be, except such property as is exempt by law from levy and sale under an execution, but including all moneys due and payable by the defendant Kinney to this defendant, and all claims, demands, property and effects of every description belonging to this defendant and arising out of or connected with the contract or agreement set forth in the complaint, to have and to hold the same and every part thereof unto the said Charles N. Talbot, in trust, nevertheless, as specified in said instrument in writing for the benefit of the creditors of this defendant, which trust was accepted by said Charles N. Talbot, and upon the performance of which said Charles N. Talbot then entered, and which instrument in writing is still in full force and effect.   That said instrument was, on the 8th day of March, 1900, duly filed and recorded in the office of the Clerk of the County of New York."

The plaintiff demurred to this paragraph on the ground " that it is insufficient in law upon the face thereof."   The demurrer was overruled and an interlocutory judgment entered, from which plaintiff has appealed.

The demurrer was properly overruled.   It was not directed to the whole amended answer, but only to a separate paragraph of it. A demurrer must be directed to an entire cause of action or defense pleaded.   It cannot be made to a separate paragraph of a pleading. (*Hollingsworth* v. *Spectator Co., No.* 1, 53 App. Div. 292, and cases cited ; *Kager* v. *Brenneman,* 33 id. 453.)   Section 507 of the Code of Civil Procedure provides that a defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, but each defense or counterclaim must be separately stated and num-

bered. The paragraph here demurred to is not designated as a separate defense and a consideration of it shows that it was not intended by the pleader to be so considered. It alleges "That on or about the 7th day of March, 1900, he executed and delivered, * * *." To whom the pleader referred when he used the word "he" can only be determined by reading this paragraph in connection with some or all of the preceding paragraphs of the amended answer, and it only becomes intelligible when so read. If, as the appellant's counsel contends, the facts alleged in this paragraph constitute a separate defense, then he should move, under the section of the Code referred to, to compel the defendant to so designate it by an appropriate pleading.

This conclusion renders it unnecessary to pass upon the other questions raised.

The judgment is right and must be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY and PATTERSON, JJ., concurred.

Judgment affirmed, with costs.