·(110 App. Div. 341.)

### POPE MFG. CO. v. RUBBER GOODS MFG. CO.

(Supreme Court, Appellate Division, First Department.  December 30, 1905.)

1. CONTRACTS—BREACH—KNOWLEDGE AND ASSENT AS WAIVER.

Mere knowledge of or assent to a breach of contract does not constitute a waiver, but there must be a formal release, sufficient consideration, or such conduct on the part of the assenting person as will have created a condition to the detriment of the other party.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1480–1492.]

2. PLEADING—FACTS OR CONCLUSIONS.

Where a pleading is intended to show a waiver of a breach of contract, the facts to sustain the conclusion of waiver must be alleged, and it is not sufficient to allege that the other party to the contract had knowledge of and fully assented to the manner of performance.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 22.]

3. CONTRACTS—BREACH—WAIVER.

The right of one party to a contract to recover for a breach is not defeated by performance on his part with knowledge that the breach has occurred.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1480–1492.]

·4. PLEADING—REPLY TO COUNTERCLAIM—PARTIAL DEFENSE—GROUNDS FOR DEMURRER.

Where a reply to a counterclaim is nothing more than an admission and a partial defense and plea in mitigation of damages, but fails to state that it is intended as a partial defense, it is subject to demurrer.

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by the Pope Manufacturing Company against the Rubber Goods Manufacturing Company.  From a judgment overruling demurrers to plaintiff's replies, defendant appeals.  Reversed.

See 92 N. Y. Supp. 826, 828, 831.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Nathan Ottinger, for appellant.
Lewis H. Freedman, for respondent.

CLARKE, J.  The complaint alleges a contract between plaintiff's assignor, the American Bicycle Company, and the defendant, due performance on the part of its assignor, and the breach thereof on the part of defendant, in that it has neglected and refused to pay the sum of $200,000, which under the terms of said agreement became due and payable on the 8th day of November, 1902, and demands judgment therefor.  The answer sets up various defenses and counterclaims arising out of the same contract.  The fourth counterclaim alleges a breach by the plaintiff's assignor of the contract as modified, in various particulars set forth in extenso, and claims damages therefor in the sum of $200,000.  The plaintiff's second reply to this counterclaim is that:

"The defendant has at all times had knowledge of the manner in which the American Bicycle Company and its constituent companies carried out and

performed the provisions of said agreement, and fully assented to the carrying out of the same in the manner in which it was in such respects performed by said American Bicycle Company and its constituent companies."

To this reply the defendant demurred.

The plaintiff claims:

"The allegation that the defendant had knowledge of and fully assented to the manner of performance is an allegation sufficiently broad to enable the pleader to prove a waiver."

This is not sound. Mere knowledge and assent do not constitute a defense. There must be a formal release, sufficient consideration, or such conduct upon the part of the assenting person as will have created a condition to the detriment of the other party. The facts to sustain this conclusioin should have been alleged. In Todd v. Union Casualty & Surety Co., 70 App. Div. 55, 74 N. Y. Supp. 1064, the complaint alleged compliance with the provisions of the contract "except in so far as such compliance and observance was waived or rendered unnecessary by the position and action of this defendant." The word "waived" was used. Mr. Justice McLaughlin, writing the opinion of this court, said:

"If he has not performed for the reason that defendant waived performance, then the conditions waived and the facts and circumstances constituting such waiver must be alleged."

"Knowledge" and "assent" in the case at bar are no more definite and no less conclusions than "by the position and action of this defendant" in the Todd Case. The plaintiff cites People ex rel. McLaughlin v. Board of Police Com'rs, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596, and Ryan v. City of New York, 177 N. Y. 271, 69 N. E. 599. In the McLaughlin Case the relator was endeavoring by mandamus to be reinstated in the police force. In the return to the alternative writ the commissioners set up many facts to prove relator's acquiescence in the action of the police commissioners and waiver of any legal rights, and the court held that it was error to exclude evidence tending to establish the facts which defendants claimed existed. It was in that connection that the court said:

"It is well settled by authority that a man may waive any right that he has, whether secured to him by contract, conferred upon him by statute, or guarantied him by the Constitution."

In the Ryan Case, which arose on a demurrer to the complaint, the court held that from the facts stated in the complaint the legal effect was that he had waived any claim that he might have had. Neither of these cases touches the point now under consideration, namely, that facts must be stated from which it may be determined whether or not the legal conclusion of waiver follows. It is not to be denied that the cause of action set up in this counterclaim might be destroyed by showing a release under seal, a waiver for consideration, or estoppel by conduct. The facts, however, not being pleaded to establish any such defense, the demurrer is well taken.

Further, the contract provided inter alia that the rubber company should pay "$200,000 in cash (so long as the bicycle company shall fulfill the terms of this agreement) for five years annually from the date

of this contract"; and the bicycle company agreed to purchase from the rubber company" at least 90 per cent. in amount of all tires and rubber parts purchased by, through, or for the bicycle company, during the five years next ensuing the date of this agreement." If this reply means that the words "at all times had knowledge" and "fully assented to the carrying out of the same in the manner in which it was in such respects performed" refers to what was going on through the year, it states an impossibility, because it would not be known until the end of the year whether the bicycle company had purchased at least 90 per cent. in amount or not. If it means at the end of the year, then it is in all respects similar to the third reply, and is to be so treated.

As a third reply to the fourth counterclaim plaintiff alleged that, shortly after November 8, 1900, the defendant paid to the American Bicycle Company the first installment of $200,000, which pursuant to the terms of the agreement became due on or about the 8th of November, 1900; and that at the time of such payment the defendant had full knowledge of the manner in which the American Bicycle Company had theretofore performed the said agreement, and fully assented to the performance thereof in such manner. This reply was demurred to. This is an allegation of knowledge at the time of payment. But knowledge at the time of payment by one party of breaches by the other theretofore occurring is no defense. Nor is subsequent assent, without consideration. If one party chooses to break a contract, the other party is not obliged to follow his example. He may strictly perform on his part and hold the other. There is no allegation that in reliance upon such payment the bicycle company was in any way prejudiced or was induced to do any act which it would otherwise not have done, or which it was not already bound to do. In De Bresscher v. Alt., 47 L. J. Ch. 381, Thesiger, L. J., clearly drew this distinction:

"If a person having a right, and seeing another person about to commit or in the course of committing an act infringing upon that right, stands by in such a manner as really to induce the person committing the act, and who otherwise might have abstained from it, to believe that he assents to its being committed, he cannot afterwards be heard to complain of the act. * * * But when once the act is committed without knowledge or assent upon the part of the person whose right is infringed, the matter is to be determined on very different legal considerations. A right of action has been vested in him which at all events, as a general rule, cannot be divested without accord and satisfaction or release under seal. * * * Even an express promise by the person injured that he would not take any legal proceedings to redress the injury done him could not by itself constitute a bar to such proceedings, for the promise would be without consideration and therefore not binding. * * * The principle of an estoppel by conduct, namely, that it should have been pursued with the intent or so as to induce the person relying upon the estoppel to act in a particular manner, is here wholly wanting."

In Ackerman v. True, 175 N. Y. 353, 67 N. E. 629, the court said:

"As it is obvious that the plaintiff at most was merely silent while the defendant erected his building upon the street, she was not, under the doctrine of the cases cited, estopped from asserting her right to have the erection of defendant's adjudged a nuisance, to insist upon its removal, and to recover the damages therefor."

Therefore, if it be true that at the time the defendant paid to the plaintiff the third annual sum of $200,000 due to it on the 8th of No-

vember, 1900, it knew that theretofore the plaintiff had breached its contract with the defendant, and at that time assented thereto, this reply would not be good, in that no facts are there set up which defeat the cause of action, and the demurrer should have been sustained. As stated, the fourth counterclaim sets up various breaches of the contract. The fifth reply is that:

"On or about the 27th day of December, 1899, the defendant duly consented that the plaintiff might purchase Palmer tires and might mention Palmer tires in their catalogue or advertisements, and that in such respect the agreement was modified and strict performance thereof waived by defendant."

This is not a denial of the counterclaim. It is an admission thereof without any denial, and is, if anything, a partial defense. It has not, however, been pleaded as a partial defense, and the demurrer was well taken. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675.

In the sixth reply to the first counterclaim plaintiff alleges that the only bicycles sold by the American Bicycle Company as incomplete and stripped were of an inferior grade, manufactured and sold for the purpose of keeping in operation certain of the factories of the American Bicycle Company; that purchases from the defendant by said American Bicycle Company were not diminished by reason of the manufacture and sale of such incomplete and stripped bicycles. This is a confession, a partial defense, and a plea in mitigation of damages. Not being pleaded as such, it is demurrable under Thompson v. Halbert, supra.

The remaining replies and the demurrers thereto fall within some one of the rules discussed herein, and the demurrers should have been sustained.

The judgment must be reversed, and the demurrers sustained, with costs in this court and in the court below, with leave to reply over upon payment thereof within 20 days. All concur, except HOUGHTON, J., who dissents.