(50 Misc. Rep. 409.)

### WHISTEN v. KELLOGG et al.

(Supreme Court, Special Term, New York County. May, 1906.)

MECHANICS' LIENS—ACTION TO ENFORCE—DEFENDANTS.

    Under Code Civ. Proc. §§ 484 and 3399, in an action to foreclose a mechanic's lien, one liable on the debt may be joined as defendant, though his liability arises on a guaranty of the performance of the contract.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 471.]

Action by Stephen A. Whisten against Ralph A. Kellogg and others. Demurrer to complaint overruled.

Arrowsmith & Dunn, for demurrers.

Grasmuck & Ostrander, opposed.

GILDERSLEEVE, J. The action is to foreclose a mechanic's lien. All the defendants demur to the complaint on the ground that "causes of action have been improperly united, and do not affect all the parties to the action, in that the action is brought against two or more persons who are not severally liable upon the same instrument, to wit, against the contractor named in the contract annexed to the complaint, for breach of the said contract and the covenants thereof, and against the guarantor upon a separate instrument, viz., a guaranty, also annexed to said complaint." The defendant Kellogg is the owner of the property, the defendant Carlier is the contractor with whom the plaintiff made the contract upon which he sues, and the defendant Malcolm guarantied the performance by Carlier of his obligations under said contract. The contract upon which Carlier is liable and the guaranty made by Malcolm are separate instruments, both of which are annexed to the complaint. The general rule is that causes of action arising on contract and affecting all the parties may be joined, and that those arising on contract, but inconsistent with each other, or not affecting all the parties, cannot be joined, and that the defect may be reached by demurrer. Nichols v. Drew, 94 N. Y. 22. Upon this theory a cause of action against one party on a contract cannot be united with a cause of action against another party on a separate guaranty of such contract. Roehr v. Liebmann, 9 App. Div. 247, 41 N. Y. Supp. 489; Barton v. Speis, 5 Hun, 60; Harris v. Eldridge, 5 Abb. N. C. 278. The statutory provision establishing this principle is found in section 484 of the Code, which, in specifying the different causes of action that may be joined in the same complaint, provides that these causes of action must affect all the parties to the action, "except as otherwise prescribed by law." The complaint seeks to foreclose the mechanic's lien, to sell the property and to hold Carlier and Malcolm liable for any deficiency that may arise on the sale. Section 3399 of the Code provides that:

    "A mechanic's lien on real property may be enforced against such property, and against a person liable for the debt upon which the lien is founded, by an action, by the lienor, his assignee or legal representative, in a court which has jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of such debt."

In the case at bar Carlier is liable on his contract for the debt upon which the lien is founded, and Malcolm is liable on his guaranty for the debt upon which the lien is founded, while Kellogg, as owner, is, of course, affected by the cause of action for a foreclosure of the lien. Carlier has defaulted on his obligations under the contract, and Malcolm is liable for the loss sustained by plaintiff by reason of such default. The cause of action set forth in the complaint, in view of the provisions of section 3399 of the Code, affects both Carlier and Malcolm, because both are liable for the debt upon which the lien is founded. If one of these defendants pays the deficiency, should there be any on the sale, the other will not have to pay it; but, until plaintiff procures payment by one or the other he is at liberty to pursue both. The case of New Jersey Steel & I. Co. v. Robinson, 33 Misc. Rep. 361, 68 N. Y. Supp. 577, affirmed without discussion of this branch of the case in 60 App. Div. 69, 69 N. Y. Supp. 728; is very much in point. This was an action to foreclose a mechanic's lien and a demurrer had been interposed. Mr. Justice Lawrence uses the following language, viz.:

"I am of opinion that there is but one cause of action stated in the complaint, and * * * the fact that as an incident to the relief sought by the action, to wit, the foreclosure of the mechanic's liens, the plaintiff has asked also for a personal judgment against different parties supposed to be liable to it for the debt secured by the mechanic's lien, or different parts of it, does not convert what would otherwise have been a single cause of action into a double one. This proceeding is authorized by section 3399, 3401, 3402 and 1627 of the Code, and if apart from those sections the complaint would be amendable to the criticism that under the last subdivision of section 484 of the Code the cause of action does not affect all the parties to the action, it must be remembered that that section excepts those cases which are otherwise prescribed by law. If, therefore, there is any conflict between the sections of the Code relating to the foreclosure of mechanics' liens and section 484, the former must be deemed to be excepted from the provisions of section 484, and a demurrer cannot be interposed to a complaint on the ground that the cause of action does not affect all the parties to the action."

The demurrers must be overruled, with leave to answer on payment of costs.

Demurrers overruled, with leave to answer on payment of costs.