(125 App. Div. 654.)

CLARK v. WEST.

(Supreme Court, Appellate Division, Second Department.   April 24, 1908.)

1. CONTRACTS—"WAIVER"—WHAT CONSTITUTES.

A stipulation in a contract may be waived by express language, or by language or from circumstances from which an intention to waive may be inferred, or when there is not such intention, but the promisee has by his conduct led the other party to believe that he has waived some provision of the contract, and a "waiver" being a voluntary relinquishment of some right, there must be an existing obligation upon which it acts, but the application of these principles is limited to cases of defective performance where the promisee received what was contracted for,. but there was some defect in the performance.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7375, 7381, 7831, 7832.]

2. SAME.

Plaintiff contracted with defendant to write certain law books, he agreeing to totally abstain from the use of intoxicating liquors during the continuance of the contract, and was to receive $2 a page for the work written and accepted by defendant, and upon the publication and sale of the books was to receive one-sixth of the net receipts of sales until he had received $6 a page for all the books published; the payments to him in excess of $2 a page to be dependent on the performance of his agreement to abstain from the use of intoxicants.   Plaintiff wrote a book which was accepted and published by defendant who paid plaintiff $2 a page therefor, but refused to pay him the additional $4 on the sale of the books, claiming plaintiff had disregarded his covenant to abstain from the use of intoxicants during the contract.   Plaintiff admitted the moderate use of intoxicants during the contract, but claimed that it had not interferred with his work and was with defendant's knowledge, and that defendant had stated that plaintiff would receive the royalty payments, and plaintiff in reliance thereon continued the work, and it was mutually understood and agreed between the parties that plaintiff should receive the additional amount stipulated, notwithstanding his use of intoxicants.   Held, that there were two distinct parts to the contract, and while the waiver of plaintiff's covenant against using intoxicants would prevent defendant from relying on the nonperformance of that covenant

as a defense to his agreement to pay plaintiff $2 a page, plaintiff's right to compensation in excess of $2 a page depended on his entire abstinence from intoxicants, and defendant's acceptance and publication of the books and his assurance that plaintiff would be paid the royalties did not constitute a waiver of that agreement, as there was no performance of that part of the contract and nothing to be waived.

3. SAME—MODIFICATION—CONSIDERATION—NECESSITY.

Defendant's statements that plaintiff would receive the royalty payments up to $6 notwithstanding the breach of his covenant against using intoxicants did not constitute a valid modification of the contract, and substitution in part of a new contract, since there was no consideration to support such modification.

4. SAME.

Even though defendant caused a book written by plaintiff to be copyrighted in the name of another company and thereby converted the copyright to his own use, plaintiff was not entitled to any relief for that reason, as he had received the compensation to which he was entitled under the contract, and had no further enforceable interest in the book.

Miller and Jenks JJ., dissenting.

Appeal from Special Term, Kings County.

Action by William L. Clark against John B. West. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, with leave to amend.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

H. V. Rutherford, for appellant.

W. B. Hale, for respondent.

RICH, J. The action is based upon a written contract between the parties, which is made a part of the complaint, by the terms of which the plaintiff was to prepare for publication a series of text-books, upon specified subjects, to be published by the defendant if accepted by him. The contract contains, among others, the following provisions:

"The first party agrees to totally abstain from the use of intoxicating liquors during the continuance of this contract, and that the payment to him in accordance with the terms of this contract of any money in excess of $2 per page is dependent on the faithful performance of this as well as the other conditions of this contract. The copyright of all books prepared by the first party under this contract shall be taken out in his name, and immediately thereafter assigned by him to the second party, subject to the conditions of this contract.

"In consideration of the above promises of the first party, the second party agrees to pay to the first party $2 per page, including the index, but not the table of cases, nor other pages not printed from copy furnished by him and accepted by the said second party, on each book prepared by the first party under this contract and accepted by the second party, and if said first party abstains from the use of intoxicating liquor and otherwise fulfills his agreements as hereinbefore set forth, he shall be paid an additional $4 per page in manner hereinafter stated.

"After the publication of any book or books prepared by the first party under this contract, he shall at the end of every six months be entitled to receive, and the second party agrees to pay him, an amount equal to one-sixth of the net receipts from the combined sales of all books which shall have been prepared by the said first party and published by the said second party under this contract, less any and all payments previously made said first party and all money then due the second party from the first party, until the amount of $6 per page of each book shall have been paid, after which the first

party shall have no right, title or interest in said books or the receipts from the sales thereof."

The complaint alleges that the plaintiff began work under the contract shortly after May 1, 1900, in the preparation of the book on Corporations, selected by the defendant to be first written, completing it on June 1, 1902, delivering to the defendant, in monthly installments, the manuscript thereof, the whole of which the defendant accepted and published on or about June 23, 1902; that such book contained 3,469 printed pages; that defendant paid to plaintiff during the preparation thereof the sum of $6,938, being the $2 per page provided for in the contract; that defendant sold, and caused to be sold, a large number of the copies of said book and realized therefrom large net receipts the amount of which was unknown to plaintiff, and, though often requested, failed and refused to account therefor or to pay the plaintiff any greater amount than the $2 per page specified in the contract. The complaint then alleges:

"10. That plaintiff duly and fully performed all the stipulations and conditions of said contract on his part up to the time of the breach of said contract by the defendant, as hereinafter more specifically alleged, save and except only the stipulation to totally abstain from the use of intoxicating liquor during the continuance of said contract, and at the time of said breach by the defendant, plaintiff was able, ready, and willing to perform all the stipulations and conditions upon his part, and would have performed the same except for said breach by the defendant.

"11. That plaintiff did not totally abstain from the use of intoxicating liquor during the continuance of said contract, but such use by plaintiff was not excessive and did not prevent or interfere with the due and full performance by the plaintiff of all the other stipulations and conditions upon his part in said contract.

"12. That defendant waived plaintiff's breach of the stipulation to totally abstain from the use of intoxicating liquors during the continuance of said contract; that long prior to the completion of said manuscript on Corporations, and its delivery to, and acceptance by, the defendant, the defendant had full knowledge and well knew of plaintiff's said use of intoxicating liquor during the continuance of said contract, but nevertheless acquiesced in, and failed to object thereto, and did not terminate the contract on account thereof; that with full knowledge of said breach by the plaintiff defendant continued to exact and require of the plaintiff performance of all the other stipulations and conditions of said contract, and treated the same as still in force, and continued to receive and did receive installments of manuscript under said contract, and continued to make and did make payments to plaintiff by way of advancements, and finally accepted and published said manuscript as aforesaid; that at no time during the performance of said contract by the plaintiff did the defendant notify or intimate to the plaintiff that defendant would insist upon strict compliance with said stipulation to totally abstain from the use of intoxicating liquor, or that defendant intended to take advantage of plaintiff's said breach, and on account and by reason thereof refuse to pay plaintiff the royalty stipulated in said contract; that, on the contrary, and with full knowledge of plaintiff's said use of intoxicating liquors, defendant repeatedly avowed and represented to the plaintiff that he was entitled to and would receive said royalty payments, and plaintiff believed and relied upon said representations, and in reliance thereon continued in the performance of said contract until the time of the breach thereof by the defendant as hereinafter specifically alleged, and at all times during the writing of said treatise on Corporations, and after as well as before publication thereof as aforesaid, it was mutually understood, agreed, and intended by the parties hereto that notwithstanding plaintiff's said use of intoxicating liquors he was nevertheless entitled to receive and would receive said royalty as the same accrued under said contract.

"13. That defendant, on or about the year 1902, without plaintiff's consent and in violation of the provisions of said contract, caused plaintiff's said treatise on Corporations to be copyrighted in the name of the Keefe-Davidson Law Book Company, and thereby appropriated and converted to his own use the copyright of said treatise, and deprived plaintiff of the security which he had under said contract for the due performance thereof by the defendant."

The reasonable value of the copyright is alleged to be $20,814. Judgment is demanded as follows:

"(1) That defendant forthwith account to this plaintiff for all copies of said treatise on Corporations which have been sold as aforesaid, and pay over to plaintiff one-sixth of the net profits thereof, less the sum of sixty-nine hundred and thirty-eight dollars ($6,938), the receipt whereof is admitted, in accordance with the terms of said contract.

"(2) That defendant forthwith cause the copyright of said treatise on Corporations to be transferred to, and vested in the plaintiff, subject to the terms and conditions of said contract, or in default thereof, that plaintiff have judgment against the defendant for thirteen thousand eight hundred and seventy-six dollars ($13,876), to wit, the reasonable value thereof less the amount already received by the plaintiff.

"(3) That the plaintiff have judgment for such other and further relief as may be just and equitable, together with the costs and disbursements of this action."

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The learned justice presiding at Special Term has overruled the demurrer upon the ground that the complaint in effect alleged a new contract made by parol after the breach of the written contract, by the provisions of which the plaintiff was to be paid $6 per page for his work, notwithstanding his nonabstinence, and in all other respects identical with the written contract which it superseded. Counsel for the respondent has by concessions eliminated from our consideration all of the questions raised by his adversary with the exception of the legal effect to be given to the averments contained in subdivision 12 of the complaint, which he contends are sufficient to establish a waiver of the forfeiture caused by plaintiff's nonperformance of the condition precedent of total abstinence from the use of intoxicating liquors during the performance of his work, and the determination of the rights accruing to the parties under the provisions of the written contract. The plaintiff concedes that all of the allegations contained in subdivision 12, with the exception of the last paragraph, commencing with the words "that, on the contrary," are not sufficient of themselves to compel the inference of an intention by the defendant to waive plaintiff's breach, but contends that they are properly alleged and are to be considered upon the trial in connection with the other facts alleged in the last paragraph of the subdivision, as establishing the waiver contended for. However this may be, they furnish no cause for overruling the demurrer, and a sufficient legal reason justifying the judgment appealed from must therefore be found in the allegations of the last paragraph, which counsel contends aver an express waiver, by express language, and this contention presents the crucial question in the case.

The Court of Appeals in the case of Draper v. Oswego Co. Fire Relief Ass'n, 190 N. Y. 12, 82 N. E. 755, has clearly stated the prin-

ciples of law determining what a waiver is and what evidence is neces-
sary to establish it. Chief Judge Cullen in the opinion of the court
quotes the trial judge as follows:

"A waiver may be made by express language to that effect, * * * or
* * * by acts from which the intention to waive may be inferred or from
which a waiver follows as a legal result. * * * It exists when there is an
intention to waive unexpressed, but clearly to be inferred from the circum-
stances, or when there is no such intention in fact, but the conduct of the
insurer has misled the insured into acting upon a reasonable belief that the
company has waived some provision of the policy"—and then proceeds: "A
waiver is the voluntary abandonment or relinquishment by a party of some
right or advantage. * * * As already said, the doctrine of waiver is to
relieve against forfeiture; it requires no consideration for a waiver, nor any
prejudice or injury to the other party."

While these principles of law are not to be departed from in a case
to which they are applicable, we are of the opinion that they do not
control the disposition of this appeal. Their application is limited to
cases of defective performance, in which the party against whom the
waiver was asserted received what was contracted for, but there was
some defect in the time or manner of performance; and it must be
kept in mind that a waiver presupposes an existing obligation upon
which it acts and takes effect. Hare on Contracts, p. 291.

The contract here is a peculiar one. By its terms there is a mani-
fest distinction made between the results attaching to the $2 a page
and the additional $4 a page compensation provisions, in the event
of a violation by the plaintiff of the total abstinence clause. This is
plainly apparent from the fact that while the plaintiff, in the clause
obligating him to totally abstain from the use of intoxicating liquor,
says that the payment to him of any money under the provisions of
the contract in excess of $2 per page is dependent on his faithful
performance of such condition, the payment of the $2 is not so limited.
The inference arising from this provision is that as to the $2 per page
the parties intended it should be paid, even if the plaintiff did indulge
in intoxicants, but that the moment he did so he lost all right to the
payment of any additional amount. It will be noted in this connec-
tion that the fair value of the plaintiff's labor is indicated by the pro-
vision giving the defendant the right to require the plaintiff to write
outside of this series of books, in which event his compensation was
agreed upon at the rate of $3,000 per annum, and that at the rate
established by the contract of $2 per page, which was paid him, his
earnings exceeded that amount. Whatever the motives may have
been that led to the parties' entering into this covenant is immaterial.
The court cannot consider whether the covenant was wise or unwise;
whether total abstinence was material to the purposes of the contract
or not, or whether the plaintiff's admitted use of intoxicants was ex-
cessive, or affected to any extent his power in other respects to fully
perform his contract. It was deliberately entered into by the parties;
the covenant is not against "excessive" use, but "any" use, thereby
making total abstinence a material and substantial condition, with-
out the performance of which the plaintiff never became entitled to
the payment of a greater sum than he admittedly has been paid. There
are two clearly distinct branches of the contract, as to one of which

the respondent's contention that the effect of a waiver of a condition precedent is to render dependent covenants independent and absolute, deprives the party waiving of the right to rely upon nonperformance of the condition as a defense to liability upon his own covenants, and remits and confines him to his remedy in damages for such performance, applies, but to the other it does not. The plaintiff contracted to prepare the manuscript for a book on Corporations, and to totally abstain from the use of intoxicating liquors while so engaged; and the defendant agreed to accept and publish such book, if satisfactory, and to pay the plaintiff $2 per page therefor, in monthly installments, the amount of which was to be determined by the number of completed chapters, containing not less than 125 pages, delivered each month; the total amount payable monthly not to exceed $250. These provisions make a contract complete in and of themselves. There is nothing alleged in the complaint as having been done by the plaintiff that was not required of him by these provisions, irrespective entirely of the further conditional promise of the defendant for further and additional compensation, none of the acts of omission or commission alleged to have been done or omitted by the defendant, but that are fairly confined to these provisions. The plaintiff was to write and complete a book. That was all he did. If satisfactory, the defendant was to accept and publish it and pay the plaintiff, if in the meantime he indulged in intoxicants, the sum of $2 per page for his work. He was not required to advise the plaintiff that he intended to avail himself of the breach of the provision relating to total abstinence and should refuse to pay the additional $4 a page, because the plaintiff's completion of the book was not dependent in any manner upon the defendant's intention in this respect; and, had the defendant so advised him, he was yet required to finish his work and receive his compensation at the rate of $2 per page, in full payment therefor. Under this portion of the contract, standing alone, upon breach by the plaintiff the defendant had the right, resulting from a strict construction, to terminate his liability by refusing to allow the plaintiff to continue his work and refusing to pay for the work already done, in which event the plaintiff could not have maintained an action to recover his compensation, for the breach of his contract would have constituted a complete defense. He was not bound, however, to take this course, but could permit the plaintiff to continue after the breach, receive the manuscript and publish the book, in which event the plaintiff could have maintained an action under the contract to recover his stipulated compensation, as the defendant would by his acts have waived the right to plead the breach as a defense, and been thereby remitted to his right to recoup any damages he might have sustained as the result of plaintiff's act in indulging in liquor. The condition precedent would have been changed into a warranty. Upon this branch of the contract, as applicable to the $2 a page compensation, the contention of the respondent is sound. By the further provisions of the agreement the defendant agreed that if the plaintiff wholly abstained from the use of intoxicating liquor while engaged in the performance of his work, he would, at the end of every six months, after the publication of the book, pay plain-

tiff an additional sum which should aggregate $4 per page, and the plaintiff expressly covenanted that such additional payment, and, consequently, any obligation of the defendant to pay it, were dependent upon his agreement of total abstinence. The acts of the defendant in permitting the plaintiff to continue his work without protest and finally accepting and publishing the book did not constitute a waiver of the defendant's right to refuse payment of the additional $4 per page; such acts were not inconsistent with the defendant's right to refuse to pay for what he had not received. The plaintiff's right to the additional payment never became absolute, and the defendant's obligation to make such payment never existed. It being based on the condition precedent of total abstinence, upon breach of the condition before the time fixed for the creation of the liability, viz., the completion of the book, the conditional promise was by the express terms of the contract rendered inoperative and not binding upon the defendant, and he never became obligated to pay the plaintiff any sum in excess of $2 per page.

Nor is the plaintiff's position aided by the allegation that the defendant avowed and represented to the plaintiff that he was entitled to and would be paid the royalty, in reliance upon which he continued his work. As hereinbefore pointed out, the plaintiff was obligated to continue his work to completion without reference to the conditional additional payments; and after defendant's conditional obligation was discharged and terminated by the plaintiff's indulgence in intoxicating liquors, there was no foundation upon which to build a waiver—no existing obligation upon which it could take effect. Under such circumstances the facts alleged as constituting a waiver do not permit the plaintiff's recovery. The defendant did not receive what he contracted for, viz., the total abstinence of the plaintiff. There was no performance on the part of the plaintiff of this branch of the contract, and there was nothing for the defendant to waive. All that he could receive, or did in fact receive, from the plaintiff, he was entitled to under the other provisions of the contract, and a waiver was not required to secure to defendant the completed book.

The alleged statements of the defendant cannot form the basis of a recovery the legal effect of which would be to enforce a contract which the parties never made, and to substitute in the place of the one deliberately entered into by them entirely different covenants than those they saw fit to obligate themselves to perform. Dwight v. Germania Life Ins. Co., 103 N. Y. 346, 347, 8 N. E. 654, 57 Am. Rep. 729. To give validity to such a contract and make it enforceable against the defendant, it was necessary to allege a valid consideration upon which it was founded, which the plaintiff has wholly omitted to do.

The additional cause of action which the plaintiff alleges, viz., that the defendant appropriated the copyright of the published book to his own use, and thereby "deprived plaintiff of the security which he had under said contract for the due performance thereof by the defendant," does not allege a cause of action upon which the plaintiff can recover. The plaintiff, having received the compensation agreed to be paid him, has no further enforceable interest in the book or its

copyright. The complaint does not state facts sufficient to constitute a cause of action, and the demurrer must be sustained.

The interlocutory judgment must be reversed, and the demurrer sustained, with costs, with leave to the respondent to answer, upon payment of such costs, within 20 days. All concur, except MILLER and JENKS, JJ., who dissent.

MILLER, J. (dissenting). It is plain that the contract price of the books to be written by the plaintiff was $6 per page, $2 to be paid on delivery, and the balance after publication by applying one-sixth of the net receipts of sales until the whole sum of $6 should be paid, when all right, title, and interest of the plaintiff in said books were to cease. The additional $4 per page was to be paid for the book, not for total abstinence; the latter was a condition precedent to payment, not the consideration. The defendant has received precisely what he contracted for—i. e., a book, unaffected by the breach of the plaintiff's covenant to totally abstain from the use of intoxicating liquors. Had the payment of the entire contract price been made dependent on the performance of that covenant, the defendant, after a knowledge of the breach, could not have accepted continued performance on the plaintiff's part without waiving the right to insist upon a forfeiture (Crocker-Wheeler Co. v. Varick Realty Co., 104 App. Div. 568, 88 N. Y. Supp. 412, 94 N. Y. Supp. 23, and cases cited); but because $2 per page was to be paid during performance (evidently to enable the plaintiff to subsist), and the payment of the balance only was dependent upon the performance of that particular covenant, it is insisted that an express waiver does not avoid a forfeiture. It may be admitted that a waiver would not be implied from a mere· acquiescence in continued performance and the acceptance of the benefits thereof after knowledge of the breach, because by reason of the peculiar provisions of the contract the defendant had the right to accept complete performance, and to pay therefor at the rate of only $2 per page in case of the breach of the particular covenant under consideration, hence an intention to waive could not be inferred from that circumstance alone. The plaintiff covenanted to totally abstain from the use of intoxicating liquor, and performance of that covenant was expressly made a condition precedent to the payment of $4 per page, but we should not confuse that covenant and condition with the thing contracted for, the covenant related solely to the manner of performance; nor should we confuse "waiver" with "estoppel," "release," or "modification." The plaintiff's position is that he has pleaded a waiver; he frankly concedes that he has not alleged any new consideration or any fact upon which to base a claim of estoppel. We must determine then what is necessary to constitute a waiver. A waiver is defined to be "the intentional relinquishment of a known right" (Bouvier's Law Dict. 1207; 29 Am. & Eng. Ency. of Law [2d Ed.] 1091, and cases cited); "a voluntary relinquishment of some right" (Cowenhoven v. Ball, 118 N. Y. 234, 23 N. E. 471); "the voluntary abandonment or relinquishment by a party of some right or advantage" (Draper v. Oswego Co. Fire Relief Ass'n, 190 N. Y. 16, 82 N. E. 756); "the doctrine of waiver is to relieve against

forfeiture; it requires no consideration for a waiver, nor any prejudice or injury to the other party" (Draper v. Oswego Co. Fire Relief Ass'n, supra). I think the facts alleged in the twelfth paragraph of the complaint are sufficient to constitute an express waiver. The effect of this was not to release any damages that may have been suffered by the breach, nor to modify the contract in any way as the learned counsel for the plaintiff clearly points out. The defendant, with knowledge of the breach, assured the plaintiff that notwithstanding it he should receive the royalty payments; an intention to waive is the essential element of a waiver; here was an express declaration of such intention; as the result of that the defendant waived the right to insist upon the breach of the condition precedent as a defense, and was remitted to damages for the breach of the covenant. The learned counsel for the appellant argues that if the facts constituting the waiver are proved as alleged, they will show a complete discharge of the plaintiff of all damage, as it is alleged that the defendant promised to pay the plaintiff $6 per page notwithstanding the breach; it may be granted that such an agreement was not good either as a release or a new contract, because without consideration, but that does not prevent its operation as the waiver of a forfeiture, and surely there could be no clearer expression of an intention to waive than a promise to pay the full amount. The cases relied upon by the respondent are not in point. Gibson El. Co. v. Liverpool & L. & G. Ins. Co., 159 N. Y. 418, 54 N. E. 23, did not deal with the question of express waiver; Pope Mfg. Co. v. Rubber Goods Mfg. Co., 110 App. Div. 887, 96 N. Y. Supp. 1142, only held that a waiver did not amount to a release; and Ripley v. Ætna Ins. Co., 30 N. Y. 136, 86 Am. Dec. 362, so far as it held that a waiver was not operative unless it involved some element of estoppel or was supported by an agreement founded on a consideration, has been overruled by many subsequent cases, which it is unnecessary to cite in view of the language of Chief Judge Cullen, quoted supra, which had the concurrence of the entire bench. The learned counsel for the appellant urges that the rule as laid down in the so-called insurance cases does not apply for the reason that such cases are sui generis, but we are not aware that insurance contracts are governed by any different rules of law from other contracts.

The thing contracted for was the book, the agreement for total abstinence related to the manner of performance, the defendant got what he contracted for, he could waive a forfeiture for the breach of the condition precedent, and as an express waiver was alleged the demurrer was properly overruled.

JENKS, J., concurs.