## SULLIVAN v. MURPHY.

(Supreme Court, Appellate Term.   December 22, 1909.)

1. PLEADING (§ 192*)—DEMURRER—GROUNDS—UNCERTAINTY.

Allegations of performance of a contract are not demurrable because they are so indefinite and uncertain that defendant cannot safely go to trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 409; Dec. Dig. § 192.*]

2. PLEADING (§ 204*)—DEMURRER.

A demurrer to a paragraph of the reply is not authorized.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 489, 490; Dec. Dig. § 204.*]

Appeal from City Court of New York.

Action by Francis Sullivan against Martin W. Murphy.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Menken Bros. (Howard T. Cole, of counsel), for appellant.

Thomas J. Curran, for respondent.

LEHMAN, J.   The plaintiff, suing upon a contract, alleges that he has duly performed all the conditions of the contract on his part,

"except that the doors opening from the stairway * * * were not provided with five square feet of glass, for the reason that the defendant directed that wooden panels be substituted in place of the same, which was done, and at the request and by the direction of the defendant plaintiff made certain other changes in the labor and materials to be supplied by him, deviating from the requirements of the original plans and specifications."

The defendant has demurred to the first cause of action stated in the complaint on the ground that it does not properly allege performance by the plaintiff of the conditions of the contract sued on, and therefore does not state facts sufficient to constitute a cause of action. While the allegations of the complaint are indefinite, and while the defendant may not thereby be so apprised of the nature of the plaintiff's claim that he can safely go to trial, nevertheless the plaintiff has pleaded facts, and not conclusions of law, and the complaint is · not demurrable in this respect.

The cases relied upon by· the defendant are not in point, because in all these cases the allegation was merely that strict performance was "waived," and the court held that this was not a statement of facts, but a legal conclusion.   Pope Mfg. Co. v. Rubber Goods Mfg. Co., 110 App. Div. 341, 97 N. Y. Supp. 73; Grant v. Cobre Grande Copper Co., 126 App. Div. 750, 111 N. Y. Supp. 386.   In the latter case the allegation of performance or waiver was in the alternative, and the Appellate Division held that such a statement was insufficient.   This case was reversed by the Court of Appeals (193 N. Y. 306, 316, 86 N. E. 34, 38) upon a different question; but the court was evidently in doubt whether even such an allegation is demurrable, saying:

"It must be conceded that the allegations of performance on the part of the Cobre Grande Company of the requirements of the optional contracts, so called,

as above quoted, are in the alternative, and that the effect is to allege payment or waiver or settlement. But, passing the question as to whether the complaint would be demurrable for this reason, under our modern practice, or *whether the parties should move to make the complaint more definite and certain,* we shall proceed to the consideration of another phase of the question." (Italics are mine.)

The defendant has also demurred to paragraph 2 of the plaintiff's reply. The same considerations apply to this demurrer; but the demurrer is also bad in form, since a demurrer to a paragraph of the reply is not authorized. New Jersey Steel & Iron Co. v. Robinson, 60 App. Div. 69, 69 N. Y. Supp. 728.

The judgment appealed from should be reversed, and the demurrers of the defendant to the first cause of action of plaintiff's complaint and to paragraph 2 of plaintiff's reply should be overruled, with costs in this court and in the court below. All concur.